UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**ALDRIDGE NOLAN**                                                                  **PETITIONER**
**#44022-424**

**V.**                           **No. 2:23-CV-00070-BSM-ERE**

**C EDGE, Acting Warden, FCI – Forrest City, Arkansas**       **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Miller can adopt this Recommendation without independently reviewing the record.

### I.     Background

On February 24, 2012, Mr. Aldridge Nolan pleaded guilty to being a felon in possession of a firearm in the Northern District of Illinois. *United States v. Nolan*, No. 3:11-cr-50080-01, *Docs. 15-16.* (N.D. Ill. Feb. 24, 2012). On June 4, 2012, he was sentenced to 180 months in prison, followed by five years of supervised release. *Id.* at *Docs. 25-26.*

On March 24, 2023, Mr. Nolan, an inmate at the Federal Correctional Institution in Forrest City, Arkansas ("FCI-FC"), filed the 28 U.S.C. § 2241 petition for a writ of habeas corpus now before the Court. *Doc. 1*. Mr. Nolan alleges that the Bureau of Prisons ("BOP") is not properly applying earned credits toward his sentence under the First Step Act of 2018 ("FSA"), 18 U.S.C. § 3632(d)(4). *Doc. 1 at 1*. He also asserts that exhaustion is not required because he applied for relief directly from the warden, pursuant to the FSA. *Doc. 1 at 4-5*.

Respondent argues that: (1) Mr. Nolan has not exhausted his administrative remedies; and (2) Mr. Nolan's claim is meritless. *Doc. 6 at 3-4, 6*.

On June 5, 2023, Mr. Brooks filed a reply claiming that he "**has** exhausted his administrative remedies." *Doc. 9 at 1 (emphasis in original)*. He also argues that "there is not one single instance in the statutory language of the First Step Act that says a person with a Medium or High Recidivism Risk Score" is ineligible for credits.[1] *Id. at 5*.

For the reasons explained below, Mr. Nolan's habeas petition should be dismissed, without prejudice, for failure to exhaust.

---

[1] This assertion is incorrect. Regarding the "Application of time credits toward prerelease custody or supervised release," the statute specifically sets out that the BOP "shall transfer eligible prisoners, *as determined under section 3624(g)*, into prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C) (emphasis added). Section 3624(g) provides, among other things, that to be placed in prerelease custody or supervised release, "the prisoner [must have] been determined under the System to be *a minimum or low risk* to recidivate pursuant to the last 2 reassessment of the prisoner." 18 U.S.C. § 3624(g)(1)(D)(i)(I), (ii) (emphasis added).

### III.    Mr. Nolan's Petition Should be Denied for Failure to Exhaust.

A federal inmate must normally exhaust his administrative remedies before seeking habeas relief under § 2241. *Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974). This judicially created exhaustion requirement is not mandated by statute or a jurisdictional prerequisite, see *Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007), but its fulfillment promotes several purposes:

> (1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level.

*Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976) (citing *McKart v. United States*, 395 U.S. 185, 194-195 (1969)).

The BOP has a four-step administrative process for resolving inmate grievances: (1) an attempt at informal resolution with prison staff; (2) submission of a formal grievance to the Warden, on form BP-9, delivered to the institution staff member designated to it; (3) an appeal of an unfavorable Warden's decision to the appropriate Regional Director, on form BP-10; and (4) an appeal of an unfavorable Regional Director's decision to the General Counsel, on form BP-11. *See* 28 C.F.R. §§ 542.13–542.18. Proper exhaustion of administrative remedies "'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses

the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original).

Mr. Nolan argues that he was not required to exhaust his administrative remedies because he sought relief directly from the warden, pursuant to 18 U.S.C. § 3624(g)(1)(D)(i)(II). *Doc. 1 at 3*. He contends the statute "defines the remedy process and [he] has complied with it." *Doc. 9 at 1*.

The statute may define the remedy process, but it does not address how the inmate can challenge an unfavorable decision. Nothing in the statute overrides the BOP's administrative process for exhaustion, and Mr. Nolan cites no law to support his position. While Mr. Nolan may have properly sought relief under 18 U.S.C. § 3624(g)(1)(D)(i)(II), his request was denied. The "exception to the minimum-or low-recidivism-risk precondition requires an inmate to directly petition the warden, and therefore by statute (and regulation) demands administrative exhaustion." *Goodman v. Sage*, No. 4:22-CV-00981, 2022 WL 18028148, at *2 (M.D. Pa. Dec. 30, 2022); see also, *Orihuela v. Engleman*, No. CV2203165SSSDFM, 2022 WL 18106676, at *6 (C.D. Cal. Nov. 3, 2022)[2] (requiring exhaustion when a warden rejected relief requested under 18 U.S.C. § 3624(g)(1)(D)(i)(II)).

---

[2] Report and recommendation adopted sub nom. *Orihuela v. Engelman*, No. 222CV03165SSSDFM, 2023 WL 27340 (C.D. Cal. Jan. 3, 2023)

As set out in the denial (and in accordance with BOP policy), if Mr. Nolan is "not satisfied with this decision, [he] may appeal to the Regional Director." *Doc. 1 at 12.* Rather than comply, Mr. Nolan chose to bypass the process and file a habeas petition. As such, the petition should be dismissed for failure to exhaust.

## IV.   Conclusion

IT IS THEREFORE RECOMMENDED that Petitioner Aldridge Nolan's petition for writ of habeas corpus (*Doc. 1*) be dismissed, without prejudice, for failure to exhaust.

Dated 8 June 2023.

_____
UNITED STATES MAGISTRATE JUDGE